UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR J. CUTILLO, | : | |
| JASON C. GOLDFARB, | : | |
| ZVI GOFFER, | : | **09 Civ. 9208 (RJS)** |
| CRAIG C. DRIMAL, | : | |
| SCHOTTENFELD GROUP, LLC, | : | **ECF CASE** |
| GAUTHAM SHANKAR, | : | |
| DAVID PLATE, | : | |
| EMANUEL GOFFER, | : | |
| and | : | |
| MICHAEL KIMELMAN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

FINAL JUDGMENT AS TO DEFENDANT EMANUEL GOFFER

The Securities and Exchange Commission having filed a Complaint and Defendant

Emanuel Goffer ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $1,341,893, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $204,128.

Defendant's payment of disgorgement and prejudgment interest shall be offset in part by the

criminal forfeiture of $761,623 ordered by the Court in the criminal case before the United States

District Court for the Southern District of New York titled, United States v. Emanuel Goffer, 09-

CR-00056 (the "Parallel Criminal Action"). Based on Defendant's sworn representations in his

Statement of Financial Condition dated April 30, 2013, and other documents and information

submitted to the Commission, the remaining disgorgement obligation is waived. No civil

penalty is being imposed in light of the Judgment entered against Defendant on October 7, 2011,

in the Parallel Criminal Action, pursuant to which Defendant was sentenced to a term of

imprisonment of three years and was ordered to pay a criminal forfeiture of $761,623.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:      June 7, 2013
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
——————————————————————————————
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                    Plaintiff,         :
                                       :
        v.                             :
                                       :
ARTHUR J. CUTILLO,                     :
JASON C. GOLDFARB,                     :
ZVI GOFFER,                            :      09 Civ. 9208 (RJS)
CRAIG C. DRIMAL,                       :
SCHOTTENFELD GROUP, LLC,               :      ECF CASE
GAUTHAM SHANKAR,                       :
DAVID PLATE,                           :
EMANUEL GOFFER,                        :
  and                                  :
MICHAEL KIMELMAN,                      :
                                       :
                                       :
                    Defendants.        :
——————————————————————————————
                                       :
```

## CONSENT OF DEFENDANT EMANUEL GOFFER

1.     Defendant Emanuel Goffer ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Defendant has been convicted after trial of criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Emanuel Goffer*, 10-CR-56 (S.D.N.Y.), Defendant was convicted of violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §§ 240.10b-5 and 240.10b5-2. In connection with the conviction, the jury found, inter alia, that Defendant participated in a scheme to defraud by executing securities trades on the basis of material nonpublic information, including information regarding certain public companies'

1

merger and acquisition activities, including, but not limited to, information about the potential

acquisition of 3Com Corp, that had been misappropriated in violation of fiduciary and other

duties of trust and confidence.

   3.  Defendant hereby consents to the entry of the Final Judgment in the form attached

hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)  permanently restrains and enjoins Defendant from violation of Section

          10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5

          promulgated thereunder [17 C.F.R. § 240.10b-5]; and

      (b)  orders Defendant to pay disgorgement in the amount of $1,341,893, plus

          prejudgment interest thereon in the amount of $204,128, for a total of

          $1,546,021; but provides that such amount will be offset in part by the

          $761,623 criminal forfeiture ordered against Defendant in the criminal

          case before the United States District Court for the Southern District of

          New York titled, United States v. Emanuel Goffer, 09-CR-00056 (the

          "Parallel Criminal Action"). Based on Defendant's sworn representations

          in his Statement of Financial Condition dated April 30, 2013, and other

          documents and information submitted to the Commission, the remaining

          disgorgement obligation is waived.

   4.  Defendant acknowledges that no civil penalty is being imposed in light of the

Judgment entered against Defendant on October 7, 2011, in the Parallel Criminal Action,

pursuant to which Defendant was sentenced to a term of imprisonment of three years and ordered

to pay a criminal forfeiture of $761,623.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

3

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the conviction for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

4

legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


                              **SO ORDERED:**


                              _____
                              **U.S.D.J.**

5

Dated: _4/29/13_

_Emanuel Goffer_ (signature)

Emanuel Goffer

On _April 30_, 20~~12~~ 13, _Emanuel Goffer_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Roseann B. Longenberger_ (signature)
Notary Public
Commission expires: _March 18, 2017_

**COMMONWEALTH OF PENNSYLVANIA**
Notarial Seal
Roseann B. Longenberger, Notary Public
Kelly Twp., Union County
My Commission Expires March 18, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Approved as to form:

_____
Michael S. Ross, Esq.
The Law Offices of Michael S. Ross
60 East 42nd Street
47th Floor
New York, NY 10165
Tel: (212) 505-4060
Attorney for Emanuel Goffer

SO ORDERED.
Dated:
_6/7/13_

RICHARD J. SULLIVAN
U.S.D.J.

6

Dated:_____                    _____
                                         Emanuel Goffer


On _____, 2012, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                         _____
                                         Notary Public
                                         Commission expires:


Approved as to form:

Michael S. Ross, Esq.
The Law Offices of Michael S. Ross
60 East 42nd Street
47th Floor
New York, NY 10165
Tel: (212) 505-4060
Attorney for Emanuel Goffer


6